UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Tomas Guajardo, individually and as next friend of L.G; Sara Salas Alegria, individually and as next friend of L.A., A.M.A. and B.A.; Noé Alegria, individually and as next friend of N.A. Jr.; Yareli Arizmendi; Louis M. Cruz III; Blanca Christina Guajardo; Jesus Antonio Lozano; Edna Iriz Martinez; Eliseo Rios; Heriberto López; Cesar López; Stefeny Zertuche; Elva Diaz Silva; and Jesus Silva,<br><br>       Plaintiffs<br><br>v.<br><br>Monsanto Company; Alejandro Moreno and Francisca Moreno, d/b/a Moreno's Detasseling; and Micaela Ledezma,<br><br>       Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:13-CV-24<br><br>Jury Trial Demanded |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

This is an action for damages, declaratory relief, and injunctive relief brought by a group of farmworkers and their young children against the Monsanto Company ("Monsanto"), farm labor contractors Alejandro Moreno and Francisca Moreno, doing business as Moreno's Detasseling, and Micaela Ledezma, the owner of dangerous, substandard farmworker housing. In the summer of 2011, the families were recruited by Alejandro Moreno in the Rio Grande Valley to rogue and/or detassel corn for Monsanto in Iowa. Relying upon promises made to them in Texas, the Plaintiffs traveled to Iowa for this

work.  The employment commitments made by Monsanto's recruiters were violated by Monsanto and Alejandro Moreno after the families' arrival in Iowa. Moreover, Plaintiffs were housed in substandard farmworker housing. This action is based on violations of Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, *et seq.* ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), state law claims of breach of contract, and the Iowa Wage Payment Collection Act, I.C.A. § 91A.8 ("IWPCA").

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1337, and 29 U.S.C. § 1854 (covering claims arising under AWPA), and 29 U.S.C. § 216(b) (covering claims arising under FLSA).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C §1367 over Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

3. This Court has general jurisdiction over Monsanto because the company has maintained continuous and systematic contacts with the state of Texas for at least the last ten years.

4. This Court also has specific jurisdiction over Monsanto because Plaintiffs' causes of action arise out of Monsanto's contacts with Texas.  Monsanto contracted with Plaintiffs in Texas, and several of Monsanto's violations of laws occurred in Texas.

5. This Court has personal jurisdiction over Alejandro Moreno, Francisca Moreno, and Micaela Ledezma because each may be served within the boundaries of the Southern District of Texas.

*Plaintiffs' First Amended Complaint, pg. 2*

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.

7. This Court is empowered to issue injunctive relief pursuant to 29 U.S.C. § 1854(c)(1).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. §§1854(a).

## PARTIES

9. Edna Iriz Martinez and Jesus Silva have their permanent place of residence in Cameron County, Texas.

10. The remaining Plaintiffs all have their permanent place of residence in Hidalgo County, Texas.

11. Plaintiffs L.G., L.A., A.M.A., B.A., and N.A. Jr. are minor children and are referred to by their respective initials as per the Southern District of Texas, General Order No. 2004 – 11, paragraph b.

12. Defendant Monsanto is a Delaware corporation. Its corporate headquarters are located at 800 N. Lindbergh Blvd., St. Louis, Missouri 63167. Monsanto may be served with process through its registered agent, Corporation Service Company, 505 5th Avenue, Suite 729, Des Moines, Iowa  50309.

13. Defendant Alejandro Moreno resides in Hidalgo County, Texas.  Process may be served at his residence in McAllen, Texas.

14. Defendant Francisca Moreno resides in Hidalgo County, Texas.  Process may be served at her residence in McAllen, Texas.

15. Defendant Micaela Ledezma resides in Hidalgo County, Texas. Process may be served at her residence in Pharr, Texas.

## STATEMENT OF FACTS

16. Monsanto is a multinational corporation which, *inter alia*, grows and produces hybrid seed corn. Rogueing and detasseling are necessary steps in the production of hybrid seed corn.  Rogueing is the act of cutting down the undesired corn plants from the field to preserve the integrity of the plants. Detasseling is the process of removing the tassel at the top of each of the corn stalks by hand when it is growing in the field.

17. In the summer of 2011, Monsanto recruited crews of migrant farmworkers in South Texas to do rogueing and detasseling of corn in and around Boone, Iowa.

18. A crew was recruited for Monsanto by Alejandro Moreno and his agents, including Francelia Moreno.

19. Alejandro Moreno had been engaged by Monsanto for the purpose of, *inter alia*, soliciting, recruiting, furnishing, and supervising the crew. Alejandro Moreno acted on behalf of, and as an agent of, Monsanto.

20. Alejandro Moreno is a farm labor contractor who does business as Moreno's Detasseling. Francisca Moreno (Alejandro Moreno's wife) and Francelia Moreno and Anabelle Moreno (Alejandro and Francisca Moreno's daughters) assisted Alejandro Moreno in the recruitment, housing, and/or supervision of the rogueing/detasseling crew.

21. Tomas Guajardo, L.G., Sara Salas Alegria, L.A., Noé Alegria, N.A. Jr., Yareli Arizmendi, Louis M. Cruz III, Jesus Antonio Lozano, Edna Iriz Martinez, Eliseo

Rios, Heriberto López, Cesar López, Stefeny Zertuche, Elva Diaz Silva, and Jesus Silva ("the Worker Plaintiffs") were part of this crew.

22. The Worker Plaintiffs were verbally promised certain terms and conditions of employment and relied upon these representations in traveling over one thousand miles from South Texas to Iowa for work.

23. Alejandro Moreno and/or his agents provided information to the Worker Plaintiffs at the time of recruitment that often varied from worker to worker. The Worker Plaintiffs received false and misleading information regarding, *inter alia*, (a) the date upon which work would start, (b) wage advances, (c) the amount of work that would be available, (d) earnings, and (e) the terms and conditions of housing.

24.  Many Worker Plaintiffs received two separate and conflicting written disclosures of the terms of employment.  The disclosures were incomplete and contained information that was false, misleading, conflicting, and confusing.

25.  At the time of recruitment, each Worker Plaintiff was told the date he/she needed to arrive in Iowa to start working. When the Worker Plaintiffs arrived, work was not ready as promised.

26. At the time of recruitment, most of the Worker Plaintiffs were told that they would receive substantial advances upon arrival in Iowa. This money was needed for food. Once in Iowa, many of the Plaintiffs received no advance or substantially less than had been promised.

27. At the time of recruitment, many of the Worker Plaintiffs were promised more hours of work or more weeks of work than were ultimately provided.

28. At the time of recruitment, many of the Worker Plaintiffs were promised that they would earn substantially more for the season than they were ultimately paid.

29. At the time of recruitment, the Working Plaintiffs were told that housing would be provided as a term of employment, but were provided false and misleading information regarding charges for housing. Many of the Worker Plaintiffs would not have accepted employment with Monsanto and Alejandro Moreno if housing had not been promised as a term of employment.

30. Monsanto authorized Alejandro Moreno to recruit the Worker Plaintiffs and authorized him to take actions needed to accomplish this purpose, including offering employment with Monsanto under certain terms, prior to workers departing for employment in Iowa.

31. Monsanto and Alejandro Moreno offered the Worker Plaintiffs agricultural employment with Monsanto and Alejandro Moreno during the summer of 2011.  The Worker Plaintiffs received and accepted the offer while in Texas.

32. Among other things, the contracts and working arrangements called for the Worker Plaintiffs to leave their places of residence and travel from Texas to Iowa to work for Monsanto and Alejandro Moreno.

33. Blanca Christina Guajardo, the daughter of Tomas Guajardo, sought rogueing and detasseling work on the crew at the time Alejandro Moreno was recruiting for Monsanto. In Texas, she was told that because she was pregnant a decision on her request would not be made until she arrived in Iowa.

34. By travelling to Iowa and working for Monsanto and Alejandro Moreno, the Worker Plaintiffs and Blanca Christina Guajardo forewent other employment opportunities.

35. The Worker Plaintiffs left their homes and traveled from South Texas to Iowa to work for Monsanto and Alejandro Moreno.

36. A.M.A. and B.A. accompanied their mother, Sara Salas Alegria, to Iowa, but were too young to work.

37. Blanca Christina Guajardo travelled to Iowa with her family hoping to work for Monsanto on Alejandro Moreno's crew. In Iowa, she was refused employment rogueing and detasseling by Monsanto and Alejandro Moreno because she was pregnant.

38. While in Iowa, the Plaintiffs were housed at 2205 S. State Street in Madrid, Iowa. At all times relevant to this lawsuit, the housing was owned or controlled by Micaela Ledezma, Alejandro Moreno, and Francisca Moreno.

39. The housing was provided by Monsanto, Alejandro Moreno, and Francisca Moreno.

40. The farmworker housing in which the Plaintiffs were housed was dilapidated, unsafe, and unsuitable. It did not meet the minimum health and safety standards specified under AWPA, its attendant regulations, and applicable state law because of conditions that included, *inter alia*:

    a.  Inadequate plumbing;

    b.  Dangerous electrical inadequacies;

    c.  Poor and unsanitary conditions;

    d.  Structurally unsound features;

    e.  Flooding;

    f.  Absence of laundry facilities; and

    g.  Presence of vermin.

*Plaintiffs' First Amended Complaint, pg. 7*

41. In Iowa, Alejandro Moreno and Francisca Moreno demanded rent from many of the Plaintiffs even though this expense had not been properly disclosed to many of them in Texas. Some Plaintiffs were threatened with eviction and theft of their license plates if rent was not immediately paid.

42. Micaela Ledezma, Alejandro Moreno, and Francisca Moreno failed to post a copy of the required certification of occupancy in the housing.

43. At no time relevant to this action was a copy of the terms and conditions of the occupancy of the farm labor housing posted or provided to the Plaintiffs.

44. Each Worker Plaintiff arrived in Iowa by the date he or she had been instructed in order to promptly start working. Work was not available until substantially later than had been promised.

45. Alejandro Moreno failed to provide advances to many of the Worker Plaintiffs as promised, causing extreme hardship.

46. All of the Worker Plaintiffs attended a training at the Monsanto plant in Boone, Iowa. They had been told that attendance was mandatory.

47. Plaintiffs Eliseo Rios, Heriberto López, and Cesar López were willing and available to work for Monsanto and Alejandro Moreno in Iowa.  However, after having traveled from Texas and waiting in Iowa for a long time for work to start, Plaintiffs Eliseo Rios, Heriberto López, and Cesar López heard about the availability of work with another employer. By this time, Alejandro Moreno had already repeatedly promised work was about to start, when in fact it didn't. Although the other employment available to these Plaintiffs was to be brief, Eliseo Rios, Heriberto López, and Cesar López departed Madrid, Iowa.

48. Tomas Guajardo, L.G., Sara Salas Alegria, L.A., Noé Alegria, N.A. Jr., Yareli Arizmendi, Louis M. Cruz III, Jesus Antonio Lozano, Edna Iriz Martinez, Stefeny Zertuche, Elva Diaz Silva, and Jesus Silva rogued and/or detassled corn for Monsanto and Alejandro Moreno.

49. Monsanto and Alejandro Moreno caused the Worker Plaintiffs who rogued and/or detasseled to be transported to, from, and between fields during their period of employment in a bus provided by Monsanto. The Worker Plaintiffs were not permitted to travel to, from, and between fields in their own vehicles.

50. At no time did Monsanto or Alejandro Moreno post in a conspicuous place at the place of employment a poster setting forth the rights and protections afforded migrant agricultural workers under AWPA.

51. Monsanto and Alejandro Moreno failed to pay wages owed when due. The Worker Plaintiffs were not paid for all compensable time, including work time, waiting time, and travel time. Additionally, improper deductions were taken from some Worker Plaintiffs' pay for housing and the repayment of advances. These deductions do not appear on the pay records provided to workers, had not been properly disclosed, and/or had not been authorized in writing.

52. Monsanto and Alejandro Moreno failed to provide each Worker Plaintiff with accurate and complete wage statements. The pay statements did not properly show the number of hours worked, the number of acres detasseled during the pay period, and deductions made to workers' pay.

53. Upon information and belief, Monsanto and Alejandro Moreno did not maintain payroll records accurately reflecting the hours and acres the Worker Plaintiffs worked.

54. Worker Plaintiffs Eliseo Rios, Heriberto López, and Cesar López, received no pay or pay statements from Monsanto or Alejandro Moreno.

55. Once work finally started, the Worker Plaintiffs who rogued and/or detasseled were not provided with as much work in Iowa as many of them had been promised in Texas.

56. The Worker Plaintiffs did not earn as much in Iowa while working for Monsanto and Alejandro Moreno as many had been promised in Texas.

57. Upon information and belief, Alejandro Moreno did not provide Monsanto with accurate payroll records including all hours worked by the Worker Plaintiffs.

58. Monsanto and Alejandro Moreno failed to pay Plaintiffs Tomas Guajardo, Sara Alegria, Noé Alegria, Yareli Arizmendi, Louis M. Cruz III, Jesus Antonio Lozano, Edna Iriz Martinez, Eliseo Rios, Heriberto López, Elva Diaz Silva, and Jesus Silva the federal minimum wage. These Plaintiffs' wages were brought below the minimum wage by the failure to pay them for all hours for which they were entitled to compensation and, in some cases, by improper pay deductions.

59. Monsanto and Alejandro Moreno failed at times to provide adequate sanitary facilities and drinking water in the fields as required by the Occupational Safety and Health Act, 29 C.F.R. § 1928.110.

60. The Worker Plaintiffs' conduct undertaken in reliance on Monsanto and Alejandro Moreno's promises and factual misrepresentations, including travelling to Iowa from Texas, was reasonable and detrimental to them.

61. Monsanto and Alejandro Moreno were at all times aware of the Worker Plaintiffs' conduct undertaken in reliance on their promises and misrepresentations.

62. Monsanto and Alejandro Moreno's promises and factual misrepresentations were and are material to the employment arrangement.

63. At all times relevant hereto, the Worker Plaintiffs were ready to comply, and did in fact comply, with the terms of the working arrangements and contracts between themselves, Monsanto, and Alejandro Moreno.

64. Monsanto and Alejandro Moreno violated without justification the working arrangements and breached their contracts with the Worker Plaintiffs by not complying with all the terms and conditions promised at the time of recruitment.

65. Prior to the end of the detasseling season, Jesus Antonio Lozano's employment was unlawfully terminated by Monsanto and Alejandro Moreno, despite Lozano having complied with the terms of the working arrangement.

66. At all times relevant to this action, the Worker Plaintiffs were "migrant agricultural workers" within the meaning of 29 U.S.C. § 1802(8)(A). Further, at all times relevant to this action, the Worker Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e)(1).

67. At all times relevant to this action, Monsanto was an agricultural employer within the meaning of 29 U.S.C. § 1802(2), 29 U.S.C. § 203(d), and I.C.A. § 91A.2.

68.  At all times relevant to this action, Alejandro Moreno was a farm labor contractor as the term is defined by 29 U.S.C.  § 1802(7). Further, during all times relevant to this action, Alejandro Moreno was an employer within the meaning of 29 U.S.C. § 203(d).

69. During the course of their employment, the Worker Plaintiffs were employed by Monsanto and Alejandro Moreno within the meaning of 29 U.S.C. §203(g) and 29 U.S.C. §1802(5).

70. At all times relevant to this action, the Worker Plaintiffs were engaged in the production of goods for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

71. At all times relevant to this action, Alejandro Moreno was a registered farm labor contractor with the U.S. Department of Labor.  This registration authorized Alejandro Moreno only to engage in the farm labor contractor activity of recruiting and employing workers.

72. At no time relevant to this action did Alejandro Moreno possess authorization from the U.S. Department of Labor to engage in the farm labor contracting activity of housing migrant agricultural workers.

73. At all times relevant to this action, Francisca Moreno was a registered farm labor contractor employee with the U.S. Department of Labor.  This registration authorized Francisca Moreno only to engage in the farm labor contractor activity of recruiting and employing workers.

74. At no time relevant to this action did Francisca Moreno possess authorization from the U.S. Department of Labor to engage in the farm labor contracting activity of housing migrant agricultural workers.

75. At all times relevant to this action, Francisca Moreno was Alejandro Moreno's farm labor contractor employee within the meaning of 29 U.S.C. § 1802(7).

76. Monsanto utilized the farm labor contracting services of Alejandro Moreno without first taking reasonable steps to determine whether he was properly licensed by the U.S. Department of Labor to engage in such activities.

77. Upon information and belief, Francelia Moreno was at no time relevant to this action licensed to engage in farm labor contractor activities.

78. Plaintiffs suffered injury as a result of the Defendants' actions and omissions complained of herein. They suffered, *inter alia*, mental anguish, humiliation, and other emotional harm because of Defendants' conduct. These injuries were the natural, direct, and foreseeable result of the Defendants' conduct.

79. Numerous Plaintiffs will seek employment with Monsanto and/or Alejandro Moreno in the future doing agricultural work. In fact, some of the Plaintiffs have already sought work from or actually worked for Monsanto since the 2011 detasseling season.

80. Plaintiffs would suffer irreparable harm should Monsanto and Alejandro Moreno violate their rights under AWPA during any future employment with them. Remedies available at law would be inadequate to redress such injury.

81. All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly and/or through their agents.

## FIRST CAUSE OF ACTION: MIGRANT AND SEASONAL
## AGRICULTURAL WORKER PROTECTION ACT

82. Plaintiffs re-allege and incorporate by reference the allegations set forth in

paragraphs 1 through 81 of this complaint as if fully set forth herein.

83. Monsanto and Alejandro Moreno intentionally violated the Worker Plaintiffs' rights

under the AWPA by, *inter alia*:

    a.  Failing to disclose in writing all the terms and conditions of employment

        required by 29 U.S.C. §1821(a) at the time that each Worker Plaintiff was

        recruited;

    b.  Knowingly providing false and misleading information to Worker Plaintiffs

        regarding the terms and conditions of employment in violation of 29 U.S.C.

        1821(f);

    c.  Violating the terms of the working arrangements made with Worker Plaintiffs

        in violation of 29 U.S.C. 1822(c);

    d.  Failing to post at the jobsite a notice of the workers' rights under the AWPA

        in violation of 29 U.S.C. § 1821(b);

    e.  Failing to pay each Worker Plaintiff the wages owed when due in violation of

        29 U.S.C. § 1832 (d)(2);

    f.  Failing to provide adequate pay statement to each Worker Plaintiff in

        violation of 29 U.S.C. § 1821(d)(2); and

    g.  Failing to properly make, keep, and preserve adequate payroll records for each

        pay period for each Worker Plaintiff in violation of 29 U.S.C. § 1821(d)(1).

84. Monsanto, Alejandro Moreno, and Francisca Moreno intentionally violated the Plaintiffs' rights under the AWPA by, *inter alia*, failing to post at the housing site or provide to each Plaintiff a statement showing the terms and conditions of housing in violation of 29 U.S.C. § 1821(c).

85. Alejandro Moreno, Francisca Moreno, and Micaela Ledezma intentionally violated the Plaintiffs' rights under the AWPA by, *inter alia*:

   a. Failing to ensure that the housing provided to Plaintiffs complied with applicable substantive federal and state health and safety standards in violation of 29 U.S.C. §1823(a) and

   b. Failing to post certification from an appropriate authority that the housing provided to the Plaintiffs complied with applicable minimum safety and health standards for migrant housing, before using the facility to house the Plaintiffs in violation of 29 U.S.C. §1823(b)(1).

86. Monsanto further intentionally violated the Plaintiffs' rights under the AWPA by utilizing farm labor contractor Alejandro Moreno to perform farm labor contractor activities for which he was not certified to engage in by the U.S. Department of Labor in violation of 29 U.S.C. § 1842.

87. Alejandro Moreno further intentionally violated the Worker Plaintiffs' right under AWPA by, *inter alia*:

   a. Failing to provide copies of accurate payroll records to Monsanto, in violation of 29 U.S.C. § 1821(e) and

   b. Utilizing Francelia Moreno to perform farm labor contractor activities for
      which she was not certified to engage in by the U.S. Department of Labor in
      violation of 29 U.S.C. § 1811(b).

88. Alejandro Moreno further intentionally violated the Plaintiffs' right under AWPA
    by:

   a. Engaging in farm labor contractor activities without first obtaining
      certification from the U.S. Department of Labor allowing engagement in such
      activities in violation of 29 U.S.C. § 1811(a) and

   b. Utilizing Francisca Moreno to perform farm labor contractor activities for
      which she was not certified to engage in by the U.S. Department of Labor in
      violation of 29 U.S.C. § 1811(b).

89. Francisca Moreno further intentionally violated the Plaintiffs' rights under AWPA
    by engaging in farm labor contractor activities without first obtaining certification
    from the U.S. Department of Labor allowing engagement in such activities in
    violation of 29 U.S.C. § 1811(a).

90. As a direct consequence of the Defendants' violations of Plaintiffs' rights under
    AWPA, Plaintiffs suffered substantial injury.

91. For each of the Defendants' violations of AWPA, each of the Plaintiffs alleging the
    violation is entitled to receive up to $500 per violation in statutory damages, or
    actual damages, whichever is greater, pursuant to 29 U.S.C. § 1854.

## SECOND CAUSE OF ACTION: FAIR LABOR STANDARDS ACT

92. The Plaintiffs re-allege and incorporate by reference the allegations set forth in
    paragraphs 1 through 81 of this complaint as if fully set forth herein.

93. Monsanto and Alejandro Moreno violated 29 U.S.C. § 201, *et seq.*, by failing to pay

the following Worker Plaintiffs at least the federal minimum wage for each hour

worked in a workweek: Tomas Guajardo, Sara Salas Alegria, Noé Alegria, Yareli

Arizmendi, Louis M. Cruz III, Jesus Antonio Lozano, Edna Iriz Martinez, Eliseo

Rios, Heriberto López, Elva Diaz Silva, and Jesus Silva.

94. As a consequence of this violation under FLSA, these Plaintiffs are entitled to their

unpaid minimum wages, an additional amount in liquidated damages, and attorneys'

fees and costs of court.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT

95. The Worker Plaintiffs re-allege and incorporate by reference the allegations set forth

in paragraphs 1 through 81 of this complaint as if fully set forth herein.

96. Monsanto and Alejandro Moreno entered into an individual employment contract

with each Worker Plaintiff.

97. Monsanto and Alejandro Moreno breached each contract of employment into which

they entered with the Worker Plaintiffs by failing to comply with the promised terms

and conditions of employment.

98. As a direct consequence of Monsanto and Alejandro Moreno's breach of the

employment contracts, the Worker Plaintiffs suffered substantial injury.

99. Monsanto and Alejandro Moreno are therefore liable to the Worker Plaintiffs for

actual, incidental, and consequential damages, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION:  BREACH OF
### CONTRACT IMPLIED-IN-LAW

100.   The Worker Plaintiffs re-allege and incorporate by reference the allegations set

forth in paragraphs 1 through 81 of this complaint as if fully set forth herein.

*Plaintiffs' First Amended Complaint, pg. 17*

101.   By making themselves available in Iowa for work, and in most cases in fact

detasseling and/or rogueing for Monsanto and Alejandro Moreno, the Worker

Plaintiffs provided valuable services to Monsanto and Alejandro Moreno.

102.   Monsanto and Alejandro Moreno accepted, used, and enjoyed the Worker

Plaintiffs' services.

103.   By traveling to Iowa, making themselves available to work, and/or performing the

work, the Worker Plaintiffs notified and communicated to Monsanto and Alejandro

Moreno their expectation that they would be properly paid for such work.

104.   Monsanto and Alejandro Moreno failed to pay the Worker Plaintiffs as agreed

upon and were thereby unjustly enriched.

105.   The Worker Plaintiffs are therefore entitled to recover from Monsanto and

Alejandro Moreno compensation for services the Worker Plaintiffs provided and

their costs incurred, in order to avoid the unjust enrichment of Monsanto and

Alejandro Moreno.

### FIFTH CAUSE OF ACTION: IOWA WAGE
### PAYMENT COLLECTION ACT

106.   The Worker Plaintiffs re-allege and incorporate by reference the allegations set

forth in paragraphs 1 through 81 of this complaint as if fully set forth herein.

107.   By their actions as described above, Monsanto and Alejandro Moreno violated the

rights of the Worker Plaintiffs under the IWPCA, I.C.A. § 91A.3 by intentionally

failing to pay the Working Plaintiffs all wages owed when due.

108.   As a consequence of Monsanto and Alejandro Moreno's violations of the

IWPCA, the Worker Plaintiffs are entitled to their unpaid wages, plus liquidated

damages, and costs of court, and attorneys' fees pursuant to I.C.A. § 91A.8.

*Plaintiffs' First Amended Complaint, pg. 18*

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court grant them the following relief:

   a.  Enter a declaratory judgment finding the following:

      a.  All Defendants violated the Plaintiffs' rights under AWPA; and

      b.  Defendants Monsanto and Alejandro Moreno further violated the Worker Plaintiffs' rights under FLSA, breached the Worker Plaintiffs' employment contracts, and are liable to the Worker Plaintiffs based upon their state law claims of breach of contract, breach of contract implied-in-law, and for their violation of the IWPCA;

   b.  Award Plaintiffs their actual or, alternatively, statutory damages of $500 per person per violation (whichever is greater) for Defendants' violations of the AWPA;

   c.  Award the Plaintiffs who have brought claims under FLSA their unpaid minimum wages, and an equal amount in liquidated damages, for Monsanto and Alejandro Moreno's violations under this statute;

   d.  Award the Plaintiffs who have brought claims under IWPCA their unpaid wages, plus liquidated damages;

   e.  Award Plaintiffs injunctive relief prohibiting Defendants from violating Plaintiffs' rights under the AWPA;

   f.  Award the Worker Plaintiffs their actual, incidental and consequential damages resulting from Monsanto and Alejandro Moreno's breach of contract;

g.   Award the Worker Plaintiffs their damages resulting from their reasonable and

detrimental reliance on Monsanto and Alejandro Moreno's promises;

h.   Award the Worker Plaintiffs their attorneys' fees, reasonable expenses, and

costs of court;

i.   Award Plaintiffs prejudgment interest and post judgment interest as allowed

by law; and

j.   Award Plaintiffs such other relief as this Court deems just and proper.

July 9, 2013

Respectfully submitted,

_____/s/_____
Marinda van Dalen
Attorney-in-Charge for Plaintiffs
Texas Bar No. 00789698
S.D. ID No. 17577
TEXAS RIOGRANDE LEGAL AID, INC.
531 E. St. Francis Street
Brownsville, Texas 78520
Telephone: 956-982-5540
Facsimile: 956-541-1410
Email: mvandalen@trla.org

Priscilla Noriega
Texas Bar No. 24074821
S.D. ID No. 1134642
TEXAS RIOGRANDE LEGAL AID, INC.
531 E. St. Francis Street
Brownsville, Texas 78520
Telephone: 956-982-5540
Facsimile: 956-541-1410
Email: pnoriega@trla.org

*Plaintiffs' First Amended Complaint, pg. 20*